**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO.:

JAMIA COOK,

    Plaintiff,

v.

GOOD AIR INC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff JAMIA COOK, an individual ("Plaintiff"), by and through her undersigned counsel, brings this action under the Fair Labor Standards Act ("FLSA") against GOOD AIR INC, a Florida Corporation, ("Defendant") for unpaid overtime compensation, and hereby states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in the Southern District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant provides services in Broward County, Florida, which is located in this district and is thus considered a resident of this district. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

**PARTIES AND FLSA COVERAGE**

3. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

4. At all times material hereto, Defendant was, and continues to be, a Florida Profit

Corporation, and continues to be engaged in business in Broward County, Florida.

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

6. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant, during all times relevant, was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times relevant hereto, Defendant was primarily engaged in air conditioning services in, among other places, Broward County, Florida.

13. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14. At all times material hereto, the work performed by Plaintiff was directly essential

to the business performed by Defendant.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for Defendant as an hourly paid dispatcher and estimator from January 29, 2018, through January 19, 2022.

16. Defendant operates an air condition servicing company headquartered in Broward County, Florida.

17. Plaintiff always worked in Broward County, Florida, and her activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

18. Plaintiff had no authority to hire or fire employees of Defendant.

19. Plaintiff had no authority to discipline employees of Defendant.

20. Plaintiff had no authority to determine the schedules to be worked by any employees of Defendant, or to change the schedules.

21. Plaintiff had no authority to set rates of pay for other employees or agents of Defendant.

22. Plaintiff had no input into performance reviews of other employees or agents of Defendant.

23. All of Plaintiff's major decisions had to be cleared in advance by one of Defendant's supervisors.

24. Plaintiff was closely monitored by Defendant's managers and supervisors at all times.

25. Plaintiff followed procedures established by Defendant and did exactly as she was instructed to do.

26. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

27. Defendant initially paid Plaintiff an hourly rate of $13.00 per hour.

28. In June 2018, Defendant paid Plaintiff a salary of $600.00 per week, and thereafter raised her salary to $680.00 per week in June 2020.

29. Plaintiff regularly worked forty-five (45) or more hours per week for Defendant.

30. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

31. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay her for all overtime hours worked.

32. When Plaintiff worked less than forty (40) hours in a given work week, Defendant failed to pay Plaintiff the entire salary amount.

33. At all times relevant, Defendant failed to keep and maintain accurate records of all hours worked by Plaintiff.

34. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout her employment.

35. Defendant violated Title 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant;

    b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    c. Defendant failed to maintain proper time records as mandated by the FLSA.

36. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

37. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

38. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

39. Based on the allegations in Paragraphs 36-38, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

40. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

41. Plaintiff reincorporates and re-alleges paragraphs 1 through 40, above, as though

fully set forth herein, and further alleges as follows:

42.  Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

43.  During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

44.  Plaintiff was not an exempt employee as defined by the FLSA.

45.  As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

46.  As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant, and that this Court:

   a.  Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b.  Award Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per work week;

   c.  Award Plaintiff liquidated damages in an amount equal to the overtime award;

   d.  Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Award Plaintiff pre-judgment interest; and

  f. Order any other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

  Dated this 30th day of March 2022.

          Respectfully submitted,

         /s/ *ANDRES KROBOTH*
         Andres Kroboth, Esquire
         Florida Bar No. 1016483
         Noah E. Storch, Esquire
         Florida Bar No. 0085476
         RICHARD CELLER LEGAL, P.A.
         10368 W. State Road 84, Suite 103
         Davie, Florida 33324
         Telephone: (866) 344-9243
         Facsimile: (954) 337-2771
         andres@floridaovertimelawyer.com
         noah@floridaovertimelawyer.com

         *Counsel for Plaintiff*